UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:07CV-149-R

**BORIS NICHOLAEVICH SKUDNOV**                                                                 **PLAINTIFF**

v.

**HOUSING AUTHORITY OF BOWLING GREEN**                                     **DEFENDANT**

### MEMORANDUM OPINION

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons explained below, the instant action will be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted because it is barred by the doctrine of *res judicata*.

### I. BACKGROUND

Plaintiff, Boris Nicholaevich Skudnov, has filed this action against the Housing Authority of Bowling Green. Although not a model of clarity, it appears from the face of the complaint that Plaintiff rented an apartment from Defendant between 1993 and 2003. Plaintiff alleges that he was illegally required to mow the lawn of the unit during this time period, was not compensated for a portrait he painted for the Office Executive Director, was wrongly evicted, and was discriminated against. He also alleges that Defendant violated various fire and safety codes as well as the Uniform Residential Landlord and Tenant Act.

Plaintiff previously filed suit against Defendant in this Court on September 19, 2005. *See Skudnov v. Housing Authority of Bowling Green*, No. 1:05CV-140-R. His 2005 complaint against Defendant alleged "[that Plaintiff was] financially charged for things that were not

clearly stated in the housing contract, the fines for law (sic) maintenance which resolted (sic) in my eviction from the residence. The action of the Housing authoritice (sic) towards me I consider as discrimination." Plaintiff also made allegations concerning the fact that he was not compensated for painting a portrait/mural. After filing the complaint *pro se*, Plaintiff retained counsel who entered an appearance on December 19, 2005. Although not explicitly identified in Plaintiff's complaint, the Court construed Plaintiff's complaint as being brought under the Americans with Disabilities Act, the Fair Housing Act, and the Kentucky Civil Rights Act. Defendant moved for summary judgment, which the Court granted upon finding: (1) that as part of the rental contract Plaintiff was required to perform seasonal maintenance (including mowing) unless Defendant received proof of his disability; (2) that when Defendant received proof of Plaintiff's disability it began maintaining Plaintiff's yard; and (3) that Defendant demonstrated a nondiscriminatory reason for Plaintiff's eviction. Plaintiff did not timely appeal the Court's judgment in favor of Defendant.[1]

## II. STANDARD OF REVIEW

Upon initial review of the complaint, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in

---

[1] The Court entered summary judgment in favor of Defendant on November 16, 2006. On July 17, 2007, Plaintiff filed a motion for belated appeal and motion to proceed *in forma pauperis on appeal*, both of which the Court denied. Plaintiff then filed a second motion to proceed *in forma pauperis* on appeal, which the Court transferred to the Sixth Circuit pursuant to Fed. R. App. P. 24(a)(5).

fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, --U.S.--,127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1964-65.  Additionally, even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Id.*

### III.  ANALYSIS

The doctrine of *res judicata* prohibits a plaintiff from relitigating a claim that was asserted or which could have been asserted in earlier litigation against the same defendants or their privies.[2]  *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981); *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003).  Where jurisdiction in the prior litigation was based on a federal question, a federal court applies federal law in determining the preclusive effect of a prior federal judgment.  *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 n.12 (1971) ("It has been held in non-diversity cases since *Erie R. Co. v. Tompkins*, that the federal

---

[2]"The weight of the authority allows a federal court to consider a preclusion defense in a Rule 12(b)(6) motion to dismiss."  *Daubenmire v. City of Columbus*, 452 F. Supp. 2d 794 (S.D. Ohio Mar. 1, 2006).

courts will apply their own rule of *res judicata*.") (quotation omitted)).  The elements of *res judicata* are: "(1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is identity of claims."  *Walker v. General Tel. Co.*, 25 F. Appx. 332, 336 (6th Cir. 2001) (citing *Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)).

The Court will consider each of these four elements in order to determine whether Plaintiff's present suit is barred by his 2005 action.

### 1. Final decision on the merits

In the 2005 action, this Court granted summary judgment to Defendant.  This constitutes a final decision on the merits.  *See Helfrich v. Metal Container Corp.*, 11 Fed. Appx. 574 (6th Cir. 2001) ("The district court rendered a final decision on the merits by granting summary judgment.").  Thus, the first element is satisfied.

### 2. Parties

The parties in the 2005 suit and the present action are identical, which satisfies the second element.

### 3. Issues that were or should have been litigated

In the 2005 action, the Court determined that the lease contained a valid provision requiring Plaintiff to mow the grass until he notified Defendant of his disability and that Defendant had a nondiscriminatory reason for evicting Plaintiff.  Essentially these are the same issues that Plaintiff is seeking to re-litigate in the instant action.  While Plaintiff seeks to add

certain safety and fire code violation claims in the present action, it is clear that these claims arose out of Plaintiff's rental agreement with Defendant, the subject of the 2005 action. As such, they should have been raised in the 2005 action. The third element is satisfied.

### 4.     Identity of claims

Finally, there is identity of claims. Identity of claims means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Just as in the 2005 action, all of Plaintiff's current claims stem from his 1993-2003 rental agreement with Defendant.

In the present action, Plaintiff is simply trying to re-litigate claims that he lost as part of his 2005 action. As such, this action is barred by the doctrine of *res judicata*, and therefore, must be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted. The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
4413.008

5